UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VANESSA SCOTT individually and on behalf of her Infant son L.S., MICHAEL ANDREWS, DERRICK WIGGINS, GIVON L. JACKSON, and DIAMANTE JACKSON

                                                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, POLICE DETECTIVE SAL BRAJUHA, POLICE OFFICER GRIECO, JOHN DOE #1-15

                                                    Defendants.

**COMPLAINT AND JURY DEMAND**

Docket No.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from January 28, 2016 and February 11, 2016 incidents, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to false arrest and malicious prosecution.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## NOTICE OF CLAIM

6. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## PARTIES

7. Plaintiffs, Vanessa Scott, Vanessa Scott's Infant Son L.S., Michael Andrews, Derrick Wiggins, Givon L. Jackson, and Diamante Jackson are residents of Kings County, New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Police Detective Sal Brajuha and Police Officer Greico were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, defendants Brajuha and Grieco were involved in the illegal arrests of plaintiffs and/or failed to intervene in the actions of their fellow officers. Defendants Brajuha and Grieco are sued in their individual capacity.

10. All other individual defendants ("the officers"), including John Doe #1-15, individuals

whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On January 28, 2016 and continuing through all relevant dates, Vanessa Scott was the leaseholder of an apartment at 222 Logan Street in Brooklyn New York.

13. Upon information and belief, in late January 2016 NYPD officers including Officer Brajuha were searching for non-party J.S., one of Vanessa Scott's sons, in conjunction with an ongoing investigation.

### January 28, 2016

14. In the morning of January 28, 2016, L.S., Givon L. Jackson and Diamante Jackson exited the apartment at 222 Logan Street.

15. The three young men approached the corner and waited for a bus to arrive.

16. NYPD officers approached L.S., Givon L. Jackson and Diamante Jackson at the corner and placed them under arrest.

17. L.S., Givon L. Jackson and Diamante Jackson were taken to the 75th Police Precinct.

18. At the precinct L.S., Givon L. Jackson and Diamante Jackson were questioned, repeatedly over the course of the day, about the whereabouts of J.S.

19. Vanessa Scott learned that her son has been arrested. She went to the 75th precinct, but was not allowed to see her infant son L.S. who was held in custody there.

20. After being denied access to her son, Vanessa Scott returned to her home.

21. Upon arriving home, Vanessa Scott found NYPD officers outside her home. Ms. Scott refused to grant the officers access to her home.

22. The NYPD officers detained Vanessa Scott outside her residence after she refused to allow them access.

23. Vanessa Scott was threatened by the officers detaining her outside her home, who suggested that if they were forced to obtain a warrant they would enter with a swat team, causing increased risk of damage to Ms. Scott's property and increased risk to any people inside.

24. During this time, Michael Andrews and Derrick Wiggins were located inside Vanessa Scott's apartment at 222 Logan Street.

25. Vanessa Scott conveyed the threats made by the officers outside her apartment to the people inside her apartment by phone.

26. In the early afternoon Michael Andrews and Derrick Wiggins exited the front door of the apartment at 222 Logan Street.

27. As Michael Andrews and Derrick Wiggins exited the apartment, they were placed under arrest.

28. After Michael Andrews and Derrick Wiggins exited the apartment, the NYPD officers entered and searched the apartment.

29. Upon information and belief, the officers searched the apartment without warrant or other legal basis to enter Vanessa Scott's residence.

30. Michael Andrews and Derrick Wiggins were taken in police custody to the 75th Police Precinct.

31. At the 75th Precinct, Michael Andrews and Derrick Wiggins were questioned repeatedly over the course of the day about the location of J.S.

32. Upon information and belief, J.S. was not located in the apartment at 222 Logan Street at any time on January 28, 2016.

33. Upon information and belief, no contraband was found in the apartment at 222 Logan Street at any time on January 28, 2016.

34. At approximately 9:30 pm J.S., Givon L. Scott, and Diamante Jackson were released from the police precinct without charges.

35. At approximately 11:00 pm Michael Andrews and Derrick Wiggins were released from the police precinct without charges.

36. Vanessa Scott was denied access to her apartment and detained outside her residence from the morning of January 28, 2016 through the late afternoon when the officers concluded the search of her apartment.

37. No charges were ever brought against plaintiffs regarding this incident.

38. Upon information and belief, Det. Brajuha and John Does #1-6 were present for and participated in the arrests of plaintiff and/or the search of Vanessa Scott's apartment, and/or the interrogation of plaintiffs which occurred in the 75th Precinct.

39. Defendants Det. Brajuha and John Does #1-6 lacked probable cause or reasonable suspicion to believe plaintiffs had been involved in any illegal activity. Moreover, Defendants Det. Brajuha and John Does #1-6 lacked valid legal basis to enter the home of Vanessa Scott.

<u>February 11, 2016</u>

40. Upon information and belief, J.S. has still not apprehended by February 11, 2016.

41. At approximately 11:00 am on the morning of February 11, 2016, NYPD Officers including Officer Grieco and John Does #7-12 entered the apartment at 222 Logan Street.

42. Vanessa Scott, Michael Andrews and Derrick Wiggins were located inside the

apartment at 222 Logan Street when police entered on February 11, 2016.

43. Vanessa Scott, Michael Andrews and Derrick Wiggins were arrested by Officer Grieco and John Does #7-12, and transported to the 75th Precinct.

44. Givon L. Jackson arrived at 222 Logan Street after police officers had arrived.

45. When Givon L. Jackson approached the apartment at 222 Logan Street he was arrested by Officer Grieco and/or John Does #7-12.

46. Vanessa Scott, Michael Andrews, Derrick Wiggins and Givon L. Jackson were held in the 75th Precinct until the early morning hours of February 12, 2016.

47. Givon L. Jackson was released from the 75th Precinct without charges.

48. Vanessa Scott, Michael Andrews and Derrick Wiggins were each issued summons tickets for allegedly possessing marijuana.

49. Upon information and belief, the defendant officers purported to discover a small quantity of marijuana from one of the bedrooms in the apartment at 222 Logan Street.

50. Neither Vanessa Scott, nor Michael Andrews, nor Derrick Wiggins nor Givon L. Jackson was present in the bedroom where the officers purported to recover marijuana at any relevant time on February 11, 2016, nor did they give the officers any basis to connect them to the room in which marijuana was purportedly recovered.

51. The officers did not possess any factual basis to establish constructive possession by Vanessa Scott, Michael Andrews, Derrick Wiggins nor Givon L. Jackson over the marijuana they purported to recover.

52. The summons tickets issued to Vanessa Scott, Michael Andrews and Derrick Wiggins were later dismissed.

53. Upon information and belief, Officer Grieco and John Does #7-12 were present for the

arrests of plaintiffs and/or the search of Vanessa Scott's apartment, and/or involved in issuing the summons tickets to plaintiffs.

54. Defendants Officer Grieco and John Does #7-12 lacked probable cause or reasonable suspicion to believe plaintiffs had been involved in any illegal activity.

## April 12, 2016

55. Upon information and belief, J.S. has still not apprehended by April 12, 2016.

56. On April 12, 2016 L.S. was walking approximately 1 block from his home, at the corner of Fulton Street and Logan Street in Brooklyn NY.

57. As L.S. approached the corner, defendant police officers John Does #13-15 approached L.S. and requested identification.

58. L.S. provided John Does #13-15 with identification. Nevertheless, John Does #13-15 accused L.S. of being his brother J.S.

59. L.S. was detained by the officers and placed in the back of a police car.

60. Vanessa Scott learned that her son was being detained by the officers.

61. Vanessa Scott approached the defendants and provided them with additional proof of L.S.'s identity.

62. The officers still did not immediately release L.S.

63. Finally after approximately 90 minutes, L.S. was released without charges.

64. John Does #13-15 lacked probable cause or reasonable suspicion to believe plaintiffs had been involved in any illegal activity.

65. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical

presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

66. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

67. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violations of their rights under New York State law.

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    d. Loss of liberty.

## FIRST CAUSE OF ACTION
*January 28, 2016 violations of 42 U.S.C. § 1983*
(as to Defendants Det. Brajuha and John Does #1-6)

68. The above paragraphs are here incorporated by reference.

69. On January 28, 2016 defendants Det. Brajuha and John Does #1-6 deprived plaintiffs Vanessa Scott, Michael Andrews, Derrick Wiggins, L.S., Givon L. Jackson, and Diamante Jackson of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

70. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of their right to due process of law,

pursuant to the Fourteenth Amendment of the United States Constitution.

71. Defendants falsely arrested plaintiffs and failed to intervene in each other's obviously illegal actions.

72. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
*February 11, 2016 violations of 42 U.S.C. § 1983*
(as to Defendants Officer Grieco and John Does #7-12)

73. The above paragraphs are here incorporated by reference.

74. On February 11, 2016 defendants Officer Grieco and John Does #7-12 deprived plaintiffs Vanessa Scott, Michael Andrews, Derrick Wiggins, and Givon L. Jackson of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

75. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

76. Defendants falsely arrested plaintiffs and failed to intervene in each other's obviously illegal actions.

77. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
*April 12, 2016 violations of 42 U.S.C. § 1983*
(as to Defendants John Does #13-15)

78. The above paragraphs are here incorporated by reference.

79. On April 12, 2016 defendants John Does #13-15 deprived plaintiff L.S. of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such

rights and are liable to plaintiff under 42 USC § 1983.

80. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

81. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

82. Plaintiff has been damaged as a result of defendants' wrongful acts.

## FOURTH CAUSE OF ACTION
*January 28, 2016 - False Arrest*
(as to Defendants Det. Brajuha and John Does #1-6)

83. The above paragraphs are here incorporated by reference.

84. On January 28, 2016 defendants Det. Brajuha and John Does #1-6 subjected plaintiffs Vanessa Scott, Michael Andrews, Derrick Wiggins, L.S., Givon L. Jackson, and Diamante Jackson to false arrest, false imprisonment, and deprivation of liberty without probable cause.

85. Defendants intended to confine plaintiffs.

86. Plaintiffs were conscious of the confinement and did not consent to it.

87. The confinement of plaintiffs was not privileged.

88. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged.

## FIFTH CAUSE OF ACTION
*February 11, 2016 - False Arrest*
(as to Defendants Officer Grieco and John Does #7-12)

89. The above paragraphs are here incorporated by reference.

90. On February 11, 2016 defendants Officer Grieco and John Does #7-12 subjected

plaintiffs Vanessa Scott, Michael Andrews, Derrick Wiggins, and Givon L. Jackson to false arrest, false imprisonment, and deprivation of liberty without probable cause.

91. Defendants intended to confine plaintiffs.

92. Plaintiffs were conscious of the confinement and did not consent to it.

93. The confinement of plaintiffs was not privileged.

94. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged.

### SIXTH CAUSE OF ACTION
*April 12, 2016 - False Arrest*
(as to Defendants Officer Grieco and John Does #7-12)

95. The above paragraphs are here incorporated by reference.

96. On April 12, 2016 defendants John Does #13-15 subjected plaintiff L.S. to false arrest, false imprisonment, and deprivation of liberty without probable cause.

97. Defendants intended to confine plaintiff.

98. Plaintiff was conscious of the confinement and did not consent to it.

99. The confinement of plaintiff was not privileged.

100. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

### SEVENTH CAUSE OF ACTION
*Trespass*
(as to Defendants Det. Brajuha and John Does #1-6)

101. The above paragraphs are here incorporated by reference.

102. Plaintiff Vanessa Scott enjoys exclusive possessory interest in the property she leases at 222 Logan Street.

103. Defendants Det. Brajuha and John Does #1-6 did intentionally enter the plaintiffs'

home without permission or other legal authority to do so.

104. Defendants did remain in plaintiffs' home despite being told to vacate by a rightful resident.

105. Defendants' actions did interference with a possessory interest of plaintiffs' in their property.

106. Plaintiffs were damaged by the trespass by defendants.

## SEVENTH CAUSE OF ACTION
*Respondeat Superior*
(as to Defendant City of New York)

107. The above paragraphs are here incorporated by reference.

108. The actions by defendant Brajuha, Grieco and John Does #1-15 were intentional tortious acts, undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interests.

109. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

110. The City of New York is liable for the tortious conduct of its employees on the basis of respondeat superior.

**WHEREFORE**, plaintiffs demand judgments against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

    B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: February 23, 2017
Brooklyn, New York

Respectfully yours,

*/s/ Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

TO: City of New York
Corporation Counsel Office
100 Church Street
New York, NY 10007

Detective Sal Brajuha

Officer Grieco